UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 11 CR 458 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| CHUNLAI YANG | ) | |

**GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM**

The UNITED STATES OF AMERICA, through ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, hereby respectfully submits its Supplemental Sentencing Memorandum to aid the court in addressing conditions of supervised release.

SUPERVISED RELEASE

In *United States v. Thompson*, No. 14–1316, 2015 WL 149501 (7th Cir. Jan. 13, 2015), the U.S. Court of Appeals for the Seventh Circuit criticized district courts for (i) reflexively imposing a series of standard conditions of supervised release without first deciding if supervised release should be imposed as part of the sentence, and (ii) failing to examine the supervised release conditions under the sentencing factors identified in 18 U.S.C. § 3553(a) to decide whether each imposed condition of supervised release is appropriate to the defendant and his offense. The Court further questioned the clarity of some of the imposed conditions of supervised release. For instance, the court noted that "[f]atally vague is a condition forbidding the defendant to 'associate with any person convicted of a felony, unless granted permission to do so by the probation officer.' How would the defendant know

whether someone he was associating with had ever been convicted of a felony." *Id*. at *6. Finally, the Court opined that parties should be aware, in advance of sentencing, of the possible particular conditions of supervised release being considered by the court and the reasons for them "so that they can develop arguments pro or con to present at the sentencing hearing." *Id*.

In this case, the government recommends that the Court find supervised release to be an appropriate part of the defendant's sentence. The nature and circumstances of his criminal conduct are grand. As detailed in the government's initial sentencing memorandum, the defendant stole the core of CME's electronic trading software platform. For sentencing purposes, the platform is conservatively valued at approximately $23 million. The defendant intended on using the platform's computer source code to assist electronic trading companies in China to upgrade their platforms to be able to compete globally with other trading exchanges, including the exchanges that CME itself operates. The magnitude of the defendant's conduct is staggering, and his sentence should continue beyond a period of incarceration to reflect the seriousness of the offense, insure that the defendant does not commit any further offenses, and to deter others from committing similar crimes.

In light of *Thompson*, the government recommends the following list of narrowly tailored conditions of supervised release that it finds appropriate in consideration of the § 3553(a) factors, specifically, the nature and circumstances of the offense, the history and characteristics of the defendant, and the needs to

promote respect for the law and generate adequate deterrence, both to the defendant and to the public.

### Mandatory Conditions of Supervised Release

If the Court determines that supervised release is warranted, there are conditions mandated by 18 U.S.C. § 3583(d) that are appropriate here. Those conditions are:

1) Defendant shall not commit another federal, state or local offense. *See* U.S.S.G. § 5D1.3(a)(1).

2) Defendant shall not unlawfully possess a controlled substance. *See* U.S.S.G. § 5D1.3(a)(2).

3) Defendant shall submit to the collection of a DNA sample from the defendant at the direction of the United States Probation Office. *See* 42 U.S.C. § 14135a and U.S.S.G. § 5D1.3(a)(8).

### Discretionary Conditions of Supervised Release

Section 3583(d) states that, in addition to the mandatory conditions, the sentencing court has the discretion to order supplemental conditions so long as the supplemental conditions are within the confines dictated by 18 U.S.C. § 3553(a). Guidelines § 5D1.3(c) enumerates a list of suggested discretionary conditions, which, historically, have been adopted as "standard" conditions by district courts. Included within these discretionary conditions are conditions designed to facilitate supervision by the probation officer, such as "requiring the defendant to report to his probation officer, answer the officer's questions, follow his instructions and not leave the judicial district without permission." *Thompson* at 16. The Court in *Thompson* found these conditions to be "administrative requirements applicable whenever a term of supervised release is imposed, regardless of the substantive

3

conditions that are also imposed. . . . Once the judge has explained why supervised release is necessary, he should be permitted to impose the necessary incidents of supervised release without explanation." *Thompson* at 16.

The following are recommended conditions of supervised release that are designed to facilitate supervision by the probation officer, thus assisting in encouraging defendant's compliance with the law and deterring from future crimes:

1) The defendant shall not leave the judicial district in which the defendant is being supervised without the permission of the court or the probation officer. *See* U.S.S.G. § 5D1.3(c)(1).

2) The defendant shall report to the probation officer as directed by the court or probation officer. *See* U.S.S.G. § 5D1.3(c)(2).

3) The defendant shall notify the probation officer of any change in residence, employer, or workplace within 72 hours. *See* U.S.S.G. § 5D1.3(d)(6).

4) The defendant shall permit the probation officer to visit the defendant at home or work at any reasonable time, and to confiscate any contraband in plain view of the officer. *See* U.S.S.G. § 5D1.3(c)(10).

5) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. *See* U.S.S.G. § 5D1.3(c)(11).

The government further recommends the following discretionary conditions:

1) Defendant shall not possess a firearm or other dangerous weapon. See 18 U.S.C. § 922(g) and U.S.S.G. § 5D1.3(d)(1).

As a felon, the defendant is not legally permitted to possess a firearm. The government recommends this condition in order to promote compliance with the law.

2) If the Court imposes a fine as part of the defendant's sentence, the defendant shall provide the probation officer with access to any requested financial information. *See* U.S.S.G. § 5D1.3(d)(3).

4

The defendant engaged in the theft of CME's proprietary source code. As the government will show during the upcoming sentencing hearing, and as defendant admitted in his plea agreement, defendant committed this crime to reap a financial windfall in China. Defendant wanted to assist existing Chinese trading exchanges to be able to compete for business; work for which defendant expected to receive significant compensation.

On this record, a fine is appropriate in this case. To allow the probation office to monitor defendant's payment of the fine—in essence, to make sure that defendant does not hide assets in an attempt to avoid paying the fine—this Court should impose the above-listed condition.

## CONCLUSION

As stated in its initial Sentencing Memorandum, the government recommends that the Court sentence the defendant to a term of imprisonment within his sentencing guideline range of 57 to 71 months', followed by a term of supervised release of three years to include the recommended conditions identified in this Supplemental Sentencing Memorandum.

Dated: February 18, 2015        Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By:    *s/ Barry Jonas*
BARRY JONAS
PAUL TZUR
Assistant United States Attorneys
219 S. Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353–5300