# UNITED STATES DISTRICT COURT

__Northern__ District of __Illinois__

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| Chunlai Yang | Case Number: 11 CR 458 - 1 |
| | USM Number: 43709 - 424 |

**Date of Original Judgment:** 3/3/2015
(Or Date of Last Amended Judgment)

Edward Genson
Defendant's Attorney

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

\* Modification to add preliminary order of forfeiture

**THE DEFENDANT:**

X  pleaded guilty to count(s)  one and two of the superseding indictment.

☐  pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐  was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. Sec. 1832(a)(2) | Theft of trade secrets | 6/30/2011 | One |
| 18 U.S.C. Sec. 1832(a)(2) | Theft of trade secrets | 6/30/2011 | Two |

The defendant is sentenced as provided in pages 2 _____2_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984. **Other than the amendments or modifications stated in this judgment, the judgment previously entered shall stand. (See attachments)**

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/12/2015
Date of Imposition of Judgment

_/s/ John W. Darrah_
Signature of Judge

John W. Darrah, U.S. District Court Judge
Name and Title of Judge

3/12/2015
Date

AO 245C    (Rev. 09/11) Amended Judgment in a Criminal Case
           Sheet 6B — Schedule of Payments                                          (NOTE: Identify Changes with Asterisks (*))

Case: 1:11-cr-00458 Document #: 151 Filed: 03/12/15 Page 2 of 12 PageID #:689

Judgment—Page   2   of   2

DEFENDANT: Chunlai Yang
CASE NUMBER: 11 CR 458 - 1

# ADDITIONAL FORFEITED PROPERTY

\* See attached preliminary order of forfeiture.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 11 CR 458 |
| v. ) | |
| ) | Judge John W. Darrah |
| CHUNLAI YANG ) | |

### **PRELIMINARY ORDER OF FORFEITURE**

This cause comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of 18 U.S.C. § 1834, and the Court being fully informed hereby FINDS as follows:

(a) On March 14, 2012, a superseding indictment was returned charging defendant with ten counts of theft of trade secrets, in violation of 18 U.S.C. § 1832(a)(2) and (a)(4);

(b) The superseding indictment sought forfeiture to the United States of specific property pursuant to the provisions of 18 U.S.C. § 1834;

(c) On September 19, 2012, pursuant to Federal Rule of Criminal Procedure 11, defendant entered a voluntary plea of guilty to Counts One and Two of the superseding indictment, thereby, making certain property subject to forfeiture pursuant to 18 U.S.C. § 1834;

(d) Pursuant to the terms of the plea agreement, as a result of his violation of 18 U.S.C. § 1832, defendant agreed that the following property is subject to forfeiture pursuant to the provisions of 18 U.S.C. § 1834 because the property was used to facilitate the commission of his offenses:

1. Compaq laptop computer, Serial Number P3005USP200X640WC51E;

2. HP mini laptop computer, Serial Number CNF0023GBD;

3. Dell Optiplex computer, Serial Number 6YG5G01;

4. Dell Optiplex, Part Number SX270, Serial Number 91J4L31;

5. Iomega external hard drive, Serial Number 99A8343DB6;

6. Seagate external hard drive, Model ST310212A, Serial Number 5EGOAP5D;

7. Maxtor external hard drive, Part Number MX6L020J1, Serial Number 6612119139381;

8. Compaq computer, Part Number 116400-005 (without hard drive);

9. HP Compaq computer Model NC 6000, Serial Number CNU 435F6P2 (without hard drive);

10. Transcend USB flash drive, labeled "May Yang";

11. Datatraveler 8GB USB flash drive, labeled "3_23 GB free";

12. USB flash drive, labeled "copy to from small flash";

13. Kingston USB flash drive, labeled "13.3 GB free";

14. Kingston USB flash drive, blue and white, labeled "carry on 4.89 GB Free";

15. SanDisk 4MB multi media card in hard plastic case;

16. 256MB USB flash drive, Model JD 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, labeled "Lily Yang";

17. USB flash drive key chain, labeled "EMD";

18. USB flash drive, in leather case;

19. USB flash drive, concealed in a pen;

2

20. 3.5" USB 2.0 external aluminum hard drive enclosure; and

21. 2.0 GB Memory stick duo adapter in opened case.

(e) Pursuant to the terms of the plea agreement, as a result of his violation of 18 U.S.C. § 1832, defendant agreed that the foregoing property is subject to forfeiture pursuant to the provisions of 18 U.S.C. § 1834;

(f) Pursuant to Federal Rule of Criminal Procedure 32.2(b)(2)(B), unless doing so is impractical, the Court must enter the preliminary order of forfeiture sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendants at sentencing.

(g) The United States requests that the terms and conditions of this preliminary order of forfeiture entered by the Court be made part of the sentence imposed against defendant and included in any judgment and commitment order entered in this case against him.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. That, pursuant to the provisions of 18 U.S.C. § 1834 and Federal Rule of Criminal Procedure 32.2, all right, title and interest of defendant in the following property are hereby forfeited to the United States of America for disposition according to law:

   a. Compaq laptop computer, Serial Number P3005USP200X640WC51E;

   b. HP mini laptop computer, Serial Number CNF0023GBD;

   c. Dell Optiplex computer, Serial Number 6YG5G01;

d. Dell Optiplex, Part Number SX270, Serial Number 91J4L31;

e. Iomega external hard drive, Serial Number 99A8343DB6;

f. Seagate external hard drive, Model ST310212A, Serial Number 5EGOAP5D;

g. Maxtor external hard drive, Part Number MX6L020J1, Serial Number 6612119139381;

h. Compaq computer, Part Number 116400-005 (without hard drive);

i. HP Compaq computer Model NC 6000, Serial Number CNU 435F6P2 (without hard drive);

j. Transcend USB flash drive, labeled "May Yang";

k. Datatraveler 8GB USB flash drive, labeled "3_23 GB free";

l. USB flash drive, labeled "copy to from small flash";

m. Kingston USB flash drive, labeled "13.3 GB free";

n. Kingston USB flash drive, blue and white, labeled "carry on 4.89 GB Free";

o. SanDisk 4MB multi media card in hard plastic case;

p. 256MB USB flash drive, Model JD 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, labeled "Lily Yang";

q. USB flash drive key chain, labeled "EMD";

r. USB flash drive, in leather case;

s. USB flash drive, concealed in a pen;

t. 3.5" USB 2.0 external aluminum hard drive enclosure; and

u. 2.0 GB Memory stick duo adapter in opened case.

4

2. That, pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 18 U.S.C. § 1834(b), following entry of this order, the United States Marshals Service shall seize and take custody of the foregoing property for disposition according to law;

3. Further, pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. 1834(b), upon entry of this preliminary order of forfeiture, the United States shall publish notice of this order and of its intent to dispose of the property according to law. The government may also, to the extent practicable, pursuant to statute, provide written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order;

4. That, pursuant to the provisions of 21 U.S.C. § 853(n)(2), as incorporated by 18 U.S.C. § 1834(b), if, following notice as directed by this Court and 21 U.S.C. § 853(n)(1), any person other than the defendant, asserts an interest in the property which has been ordered forfeited to the United States, within thirty days of the final publication of notice or his receipt of notice under paragraph three (3), whichever is earlier, and petitions the court for a hearing to adjudicate the validity of his alleged interest in the property, the government shall request a hearing. The hearing shall be held before the court alone, without a jury;

5. That, following the Court's disposition of all third party interests, upon the government's motion, the Court shall, if appropriate, enter a final order of forfeiture as to the property which is the subject of this preliminary order of forfeiture, vesting clear title in the United States of America;

6. That, the terms and conditions of this preliminary order of forfeiture are part of the sentence imposed against defendant and shall be made part of any judgment and commitment order entered in this case against him;

7. This court shall retain jurisdiction over this matter to take any additional action and enter further orders as necessary to implement and enforce this forfeiture order.

JOHN W. DARRAH
United States District Judge

Date: 11/8/12

# UNITED STATES DISTRICT COURT

Northern District of Illinois, Eastern Division

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| Chunlai Yang | ) | Case Number: 11 CR 458 - 1 |
| | ) | USM Number: 43709 - 424 |
| | ) | Edward Genson |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)  one and two of the superseding indictment.

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. Sec. 1832(a)(2) | Theft of trade secrets | 6/30/2011 | One |
| 18 U.S.C. Sec. 1832(a)(2) | Theft of trade secrets | 6/30/2011 | Two |

The defendant is sentenced as provided in pages 2 through    4    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

X Count(s)   any pending counts or indictments    ☐ is    X are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/3/2015
Date of Imposition of Judgment

Signature of Judge

John W. Darrah, U.S. District Court Judge
Name and Title of Judge

3/10/2015
Date

AO 245B  (Rev...) Judgment in a Criminal Case
Case: 1:11-cr-00458 Document #: 151 Filed: 03/12/15 Page 10 of 12 PageID #:697
Sheet 4— Probation

Judgment—Page 2 of 4

DEFENDANT: Chunlai Yang
CASE NUMBER: 11 CR 458 - 1

# PROBATION

The defendant is hereby sentenced to probation for a term of : Four years on counts one and two of the superseding indictment, to run concurrently. The costs of probation are waived.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court. Not to exceed 104 tests per year.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)

5)

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)

8) the defendant shall not knowingly frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not knowingly associate with any persons engaged in criminal activity and shall not knowingly associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at a reasonable time at home or elsewhere;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)

DEFENDANT: Chunlai Yang
CASE NUMBER: 11 CR 458 - 1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ | $ | |
|---|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　☐ the interest requirement is waived for the　☐ fine　☐ restitution.

　☐ the interest requirement for the　☐ fine　☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Chunlai Yang
CASE NUMBER: 11 CR 458 - 1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.